Mr. Chief Justice Shakkey
delivered the opinion of the court.
This suit was founded on an instrument of writing under seal for the payment of money and for the performance of certain others acts. The capias ad respondendum is in debt, and the declaration, containing two counts, is in covenant, except the commencement, which is also in debt. The defendants below (plaintiffs in error) demurred, and for cause, set out that the writ and commencement of the declaration were in debt, but that the rest of the declaration was in covenant. It is admitted by the counsel for the defendant in- error, that the first count in the declaration is in covenant, but it is contended that the" other is in debt, and that the declaration being good in part, cannot be reached by the demurrer. If this portion were true, the demurrer would, nevertheless, reach it on account of misjoinder of action, for although it be generally true that a demurrer to the whole declaration will not be sustained when part only is bad, yet if there be a misjoinder of causes of action, the whole decía- *575 ration is thereby vitiated, and the demurrer must be to the whole. But I think the description of the cause of action, the aver-ments, and breaches in both counts, are clearly in covenant, and that consequently there is a variance between the writ and declaration, and the question is, can it be reached by the demurrer?
So far as regards the words descriptive of the action in the commencement of the declaration, to wit, “ of a plea of debt, that they render,” &c., the difficulty might be obviated by treating them as surplusage, if the rule be correct as laid down by Lord Ellenborough, in the case of Lord v. Houston, 11 East, 62; but we cannot so easily dispose of the variance between the writ and declaration. According to the early practice in England, if there rvas a variance, the defendants might plead in abatement, demur, move in arrest of judgment or sustain error, but he could not plead in abatement Avithout craving oyer of the writ. 1 Chitty’s Pleading, 389. This rule prevailed when it was necessary to recite the writ in the declaration, but the necessity of such recital was dispensed rvith by rule of the court of common pleas, after which there was no rvay of pleading a variance in abatement without oyer of the writ. Subsequently, both the court of common pleas and king’s bench determined that they would not grant oyer of the writ, and the necessary consequence was, that a variance could no longer be pleaded in abatement. 1 Saund. 318, note 3. A demurrer for variance rvould be equally subject to the operation of these rules, because if the writ was not a part of the record, and no oyer could be had, there could be no ground for a demurrer. But these rules, I apprehend, can have no application in this country. The Avrit I take to be a part of the record, and as such, open to all objections, as it was in England anterior to the adoption of the rule above mentioned.
By express statutory provision, the writ is abateable for certain defects, on the plea of the defendant, and oyer is not necessary to entitle him to plead. Of course, if the Avrit be part of the record, oyer is unnecessary, and the defendant may take adAantage of a *576 variance by demurrer, equally as well as he can take advantage of a defect in the writ itself by plea in abatement. The court, therefore, erred in overruling the demurrer.
The judgment must be reversed and cause remanded with leave to amend.